[No. 11116.   Department Two. — June 15, 1888.]

HENRY GRAY ET AL., RESPONDENTS, *v.* AFRICAN METHODIST EPISCOPAL ZION CHURCH OF AMERICA, APPELLANT.

AGREEMENT TO CONVEY LAND — SUBSEQUENT PURCHASER — TRUST. — The finding that the plaintiffs took the land in controversy free from any trust in favor of the defendant arising from a prior unrecorded agreement to convey to it, *held*, supported by the evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Black*, for Appellant.

*Moore & Moore*, and *Burchard & Moore*, for Respondents.

McFARLAND, J.—This is an action to quiet title to the westerly one half of a certain lot number 8 in the city of San José. Plaintiffs had judgment in the court below, and defendant, a religious corporation, appeals.

There is really nothing in the appeal except the contention that the court ought not to have believed the statements of some of respondents' witnesses, and should have believed all the statements of the witnesses of ap-

pellant.   Respondents derive their title to the half-lot through mesne conveyances from one Betsey Langhorn, to whom it was conveyed in January, 1868, by one Jacob Madden.   In January, 1864, Madden, who then owned the whole of said lot 8, agreed in writing to convey it to W. B. Smith, A. B. Smith, and James Lodge upon the payment of their joint promissory note to Madden for $620, due in twelve months, with interest at two per cent per month.   The Smiths and Lodge undoubtedly wanted the lot for the use of certain persons belonging to a religious society, who afterward formed the corporation appellant herein, and who intended to build a church upon the lot.

The agreement to convey upon the payment of the note was never recorded; and respondents knew nothing of it until a few weeks before this action was commenced, which was years after they had acquired the westerly half of the lot.   Now, appellant contends that when Mrs. Langhorn received her conveyance of the west half from Madden she took with the knowledge of and subject to the agreement of Madden to convey to the agents of the church society upon the payment of the said promissory note; that said note has been paid in full by appellant and its predecessors; and that respondents acquired the property subject to the trust, and should now convey to appellant.   But the court finds that neither the respondents nor Betsy Langhorn ever held the legal title to the premises in trust for appellant, and finds that Betsy Langhorn bought the said west half for her own use and benefit, and paid for it with her own individual moneys.   The court undoubtedly took as the truth the statement made by the witness Judge John H. Moore, and corroborated by other evidence.   Moore testified that he knew all about the history of the transaction; that he kept the account of the moneys paid by the church people to Madden; that at the time of the deed to Betsy Langhorn the said Smiths and Lodge proposed, as they were short

of money, and the high interest was accumulating, that Madden should sell the west half of the lot to her, and apply what she should pay for it to the note; that after this had been done, there was still some money due on the note, but that, upon the urging of Moore, Madden gave them a deed to the east one half of the lot on which the church building stands, and returned them their note; and that thus the whole transaction ended. These being the facts, we cannot see how any rights of appellant have been violated. The findings, we think, are sufficiently full, and we perceive no errors of law committed at the trial.

Judgment and order denying a new trial affirmed.

SHARPSTEIN, J., and SEARLS, C. J., concurred.